# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2015

Lyle W. Cayce
Clerk

DEBORAH R. WHITAKER,

Plaintiff - Appellant

v.

FLAGSTAR BANK FSB,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC 3:13-CV-4958

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This case arises out of foreclosure proceedings initiated by Flagstar Bank FSB (Flagstar) against Deborah R. Whitaker's real property located at 1624 Tuley Street, Cedar Hill, Texas. In connection with her purchase of the property, Whitaker executed a note in favor of Continental American Mortgage and a deed of trust naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. MERS subsequently assigned the deed of trust

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10064

to Flagstar and Flagstar initiated foreclosure proceedings. Whitaker brought suit challenging the assignment to Flagstar as invalid. On Flagstar's motion, the district court dismissed the case for failure to state a claim for relief pursuant to Rule 12(b)(6). On appeal, Whitaker claims that dismissal was improper because MERS lacked the right to assign the deed of trust to Flagstar. This argument is unavailing, as this court has explicitly held that MERS qualifies as a mortgagee and thus is permitted under the Texas Property Code to grant the mortgage servicer the authority to foreclose. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Whitaker's second argument, that Flagstar had no right to foreclose because it was not the owner or holder of the note, is also precluded by our holding in *Martins* that "the mortgage servicer need not hold or own the note [to] be authorized to administer a foreclosure." *Martins*, 722 F.3d at 255.

Accordingly, after having carefully considered this appeal in light of the briefs, record excerpts, arguments, and pertinent parts of the record, this court finds no error and AFFIRMS the district court's judgment.